RECEIVED

2012 FEB -2 PM 3:28

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHERYL TAYLOR, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. 2:11-cv-3087-STA-dkv |
| | ) | |
| KARLA DAVIS, ET AL., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff respectfully submits the following amended complaint against Defendants, states and alleges as follows:

### NATURE OF CLAIM

1. Plaintiff is seeking declaratory relief, injunctive relief and a <u>writ of mandamus</u> to redress the denial of unemployment compensation insurance benefits under the Unemployment

2

Compensation for Federal Employees Program without a fair hearing as required by the Fifth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. 1983, by 42 U.S.C. 1985(3), 42 U.S.C. 1985, by 42 U.S.C. 503 and by 5 U.S.C. 8501-8508.

## JURISDICTION

2.  Plaintiff Sheryl Taylor is an African American resident of the United States of America and is a resident of Memphis, Tennessee.  Subsequent to her termination as a federal civilian employee with the United States Department of Treasury she was denied unemployment compensation insurance benefits without a fair hearing.

3.  This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. 2000d, 2000d-1, 2000d-2, 2000d-7, 28 U.S.C. 1331, 28 U.S.C. 1983, 42 U.S.C. 1985.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 2201 and 2202 which authorizes the issuance of declaratory judgments, to 28 U.S.C. 1343 (3) granting original jurisdiction to District Court over actions brought under the United States Constitution, 42 U.S.C. 1983 and 1985 and to 29 U.S.C. 1361 relating to actions in the nature of mandamus.

4.  Plaintiff is not bringing a claim under Title VII of the Civil Rights Act of 1964.

## DEFENDANTS

5.  Defendant Tennessee Department of Labor and Workforce Development, Division of Tennessee Employment Security, is the agency responsible for the administration of unemployment insurance in the state of Tennessee and is a party to the agreement with the United States Department of Labor pursuant to 5 U.S.C. 8501 et seq which authorizes

3

the payment of unemployment insurance benefits to federal employees and deny the right to a fair hearing concerning eligibility for such benefits.

6. Defendant Karla Davis is the Commissioner for the Tennessee Department of Labor and Workforce Development of the Tennessee Department of Labor, Division of Employment, and is responsible for the administration of unemployment insurance in the state of Tennessee.

7. Defendant United States Department of Labor (here-after "Department of Labor") is the agency responsible for the administration of unemployment insurance benefits for federal employees under 5 U.S.C. 8501 et seq. and has entered into an agreement with the Tennessee Department of Labor, Division of Employment, pursuant to 5 U.S.C. 8501 et seq. which authorize the payment of unemployment insurance benefits to a federal employees and deny such employees the right to a fair hearing concerning eligibility for such benefits.

8. Defendant Hilda Solis is the Secretary of the United States Department of Labor and is responsible for the administration of unemployment insurance for federal employees.

9. Defendant United States Department of Labor assumed all obligations and liabilities of the United States Department of Labor, pursuant to 5 U.S.C 8506 and the regulations promulgated thereunder by the Department of Labor, it transmitted information to the Defendant Division of Employment concerning the reason for termination of Plaintiff

4

employment.

10. Defendant United States Department of Treasury is the former employer of the Plaintiff.

11. Defendant, Timothy Geithner, is the Secretary for the United States Department of the Treasury.

<u>ACTION</u>

Plaintiff brings this action pursuant to Rules 28 U.S.C. 1331, 42 U.S.C. 1983 and 5 U.S.C. 8501, 5 U.S.C. 8506, 28 U.S.C. 1361, 28 U.S.C. 1391, 28 U.S.C. 1914, 42 U.S.C. 1983, 28 U.S.C. 1343, 28 U.S.C. 1331, 28 U.S.C. 1337, 28 U.S.C. 1346, 28 U.S.C. 1361, 5 U.S.C. 551, 28 U.S.C. 1391, 28 U.S.C. 2201, 28 U.S.C. 2202, U.S.C. 2282, T.C.A. 50-7-708, 28 U.S.C. 1367, and 28 U.S.C. 1331 of the Federal Rules of Civil Procedures on behalf of herself. The action is composed of all federal employees who have been or will be subject to denial or termination of unemployment compensation benefits under the Unemployment Compensation for Federal Employees (hereafter "UCFE") Program on the basis of findings of fact by former employers which are conclusive and binding on the Tennessee Department of Labor and Workforce Development, Division of Employment Security without a fair hearing. Taylor is the sole Plaintiff in this civil action. Upon information and belief, the Plaintiff believes other federal employees or members of a protected class have been impacted by the denial of Unemployment Compensation for Federal Employees.

Plaintiff is a former federal employee who was denied benefits on the basis of factual findings made without a hearing. Benefits were denied Plaintiff because the Tennessee Department of Labor and Workforce Development, Division of Employment gave final

5

and conclusive effect to the findings of Plaintiff employer.  Thus, Plaintiff will fairly and adequately protect the interests of members of  protected class.

The Plaintiff brings this action on behalf of herself but retains appeals rights that other members of the protected class were denied unemployment compensation for Federal employees.

The Plaintiff brings this action that she was denied legal representation in the state of Tennessee.

The Plaintiff brings this action the Tennessee Department of Labor and Workforce Development did not provide legal representation or low cost legal representation to African Americans in the state of Tennessee.  The Plaintiff brings this action the Tennessee Department of Labor and Workforce Development denied due process to African Americans that were denied free legal representation or low cost representation in the state of Tennessee.

The Plaintiff brings this action the Tennessee Department of Labor and Workforce Development have arbitrarily denied African Americans unemployment compensation benefits.

The Plaintiff brings this action the Tennessee Department of Labor and Workforce Development have denied unemployment compensation benefits to Africans Americans

6

that are Whistleblowers and have complaints of discrimination against their employer.

The Plaintiff brings this action the United States Department of Labor will not provide legal representation or low cost legal representation to former federal employees.

The Plaintiff brings this action the United States Department of Labor did not notify or provide notice to former federal employees of their rights under the Unemployment Compensation for Federal Employees Program.

The Plaintiff brings this action the United States Department of Labor did not provide due process to former federal employees under the Unemployment Compensation for Federal Employees Program.

The Plaintiff brings this action the Tennessee Department of Labor and Workforce Development did not provide a pretermination hearing to former federal employees.

The Plaintiff brings this action the Tennessee Department of Labor and Workforce Development did not provide a written transcript of hearings to former federal employees.

The questions of law common to the Plaintiff and or members of the protected class are the conformity of the practice of denying fair hearings to federal employees who apply for unemployment compensation insurance with the requirements of the Fifth and Fourteenth Amendments of the United States Constitution and the Social Security Act. The question of fact common to the members of the class and or to the Plaintiff is

7

whether or not such persons were terminated on the basis of findings of fact on which the hearings were held.

The Defendants in following a policy which deprives the members of a protected class of a fair hearing have acted or refused to act on grounds generally applicable to the protected class thereby making appropriate final injunctive and declaratory relief.

The Defendant, Commissioner for the Tennessee Department of Labor and Workforce Development have arbitrarily denied African Americans unemployment compensation benefits, have not provided free or low cost legal representation to African Americans and have denied written transcripts to African Americans.

The Defendant, the United States Department of Treasury, will not provide legal representation or low cost legal representation to former federal employees.

The Plaintiff has a property interest in Unemployment Compensation for Federal Employees.

The Plaintiff has a property interest in retaining and obtaining legal representation in the state of Tennessee before any court in the state of Tennessee.

The Plaintiff has a property interest in federal funds being used to provide Plaintiff with free legal representation or low cost legal representation.

The Plaintiff has a property interest in obtaining legal representation before the Board of Review.

8

The Plaintiff has a property interest in obtaining legal representation before the Commissioner's Designee.

The Plaintiff has a property interest in the rehearing of claim for Unemployment Compensation for Federal Employees.

The Plaintiff has a property interest in obtaining a hearing before the Appeals Tribunal.

The Plaintiff has a property interest in obtaining a hearing before a neutral and unbiased review by a three judge panel before the Board of Review and the Commissioner's Designee.

The Plaintiff was denied a hearing before the Board of Review and the Commissioner's Designee which consists of a three judge panel.

The Plaintiff has a property interest in the Plaintiff's legal questions being answered by the Tennessee Department of Labor and Workforce Development.

The Plaintiff has a property interest in retaining unemployment compensation insurance benefits when Plaintiff was approved for benefits.

The Plaintiff has a property interest in the Tennessee Department of Labor and Workforce Development being legally responsible for upholding the rules and laws that any untimely response from a defendant was grounds for continuation of Plaintiff receiving unemployment compensation insurance benefits under the Unemployment

9

Compensation for Federal Employees Program.

## STATEMENT OF THE CLAIM

12. Plaintiff is aggrieved by a decision of the Board of Review of the Tennessee Department of Employment Security known as the Tennessee Department of Labor and Workforce Development, Docket # 11-14224AC/11B2947AC dated August 8, 2011, September 2, 2011 and October 4, 2011.

13. Plaintiff avers that as a matter of law the findings of fact cannot be interpreted as misconduct.

14. Plaintiff avers that the decision of the Board of Review as arbitrary, openly biased, capricious and gave no weight to the evidence presented.

15. Plaintiff avers the decision was not supported by substantial evidence.

16. Plaintiff avers the decision was marked by an abuse of discretion.

17. Plaintiff was an employee of the United States Department of Treasury for over ten years.

18. On or about April 2011, Plaintiff was discharged because of an allegedly procedure question.

19. On or about May 2, 2011, Plaintiff filed for an original claim with the Defendant Division of Employment under the UCFE Program, 5 U.S.C. 8502, 8506.

20. By initial determination effective May 13, 2011, the Defendant Division of Employment

ruled that Plaintiff was eligible for unemployment compensation benefits.

21. Plaintiff received payments of unemployment compensation benefits under the

UCFE Program, 5 U.S.C. 8502, 8506.

22. The United States Department of Labor and defendants did not timely provide separation

notice to the Tennessee Department of Labor and Workforce Development.

23. The United States Department of Treasury alleged reason for the termination of Plaintiff's

employment was unknown when she filed for unemployment compensation benefits

under the Unemployment Compensation for Federal Employees Program.

24. Plaintiff had not received her SF-50 notice for removal.

25. Plaintiff was a career employee and could only be discharged for cause.

26. The United States Department of Labor and defendants provided conflicting reasons for

termination of Plaintiff's employment.

27. On or about May 27, 2011, the Tennessee Department of Labor and Workforce

Development terminated unemployment compensation insurance benefits to Plaintiff.

28. On or about May 27, 2011, Plaintiff was charged an overpayment by the Tennessee

Department of Labor and Workforce Development.

29. On or about June 1, 2011, Plaintiff appealed the overpayment charge to the Tennessee

Department of Labor and Workforce Development.

30. Plaintiff's unemployment compensation insurance benefits were ceased without a

11

preternimation hearing which is in violation of the due process of the United States Constitution.

31. On or about August 8, 2011, Referee Tina Chiozza, initial determination of the Division of Employment Security, charged the Plaintiff with insubordination.

32. On or about August 19, 2011, Plaintiff filed a brief requesting a hearing and advising Commissioner and the Board of Review, Plaintiff was not charged with insubordination. Plaintiff filed the brief pro se.

33. On or about August 19, 2011, Plaintiff cited Armstrong v Neel, 725 S.W. 29 953, to support her claim of eligibility for unemployment compensation benefits in her brief.

34. On or about September 7, 2011, Plaintiff filed a brief and requested a hearing and cited Weaver v Wallace, 565 S.W. 2d 867, which the Tennessee Supreme Court ruled the state of Tennessee is bound by the decision for discharge of a federal agency when denying unemployment compensation insurance benefits. Plaintiff filed the brief pro se.

35. On or about August 2011, the Tennessee Department of Labor and Workforce Development advised Plaintiff that free or low cost legal representation may be available for representation before the Appeals Tribunal.

**You may be represented by an attorney or other competent individual of your choosing. For a claimant who may not be able to afford an attorney, free or low cost legal assistance may be available through your Legal Aid Society or Bar Association. The TDLWD cannot provide representation for you.**

36. The Tennessee Department of Labor and Workforce Development committed

12

misrepresentation and fraud to Plaintiff when it advised Plaintiff of legal representation in

the state of Tennessee.

37. On or about August 8, 2011, Referee Tina Chiozza found Plaintiff

ineligible for Unemployment Compensation for Federal Employees Program (UCFE) for

misconduct based on insubordination.

38. Plaintiff was not charged with insubordination based on her SF-50 notice of

removal.

39. On or about August 19, 2011,  Plaintiff appealed the denial of unemployment

compensation insurance benefits for federal employees and Plaintiff raised legal

questions that were not answered by the Tennessee Department of Labor and Workforce

Development.  The Tennessee Department of Labor and Workforce Development/Board of

Review advised Plaintiff to contact legal counsel. Plaintiff filed the brief pro se.

CONCLUSIONS OF LAW: THE CLAIMANT HAS SUBMITTED SEVERAL LEGAL
AND PROCEDURAL QUESTIONS WITH HER APPEAL TO THE COMMISSIONER'S
DESIGNEE AND SHOULD REFER THESE QUESTIONS TO LEGAL COUNSEL.  IF
SHE CANNOT AFFORD AN ATTORNEY, SHE CAN CONSIDER CONTACTING THE
LEGAL AID OFFICE IN HER AREA.

40. Plaintiff raises the constitutional claim, Plaintiff did not have legal representation available

in the state of Tennessee to answer her legal and procedural questions.

41. On or about October 4, 2011,  the Tennessee Department of Labor and Workforce

Development, Board of Review and Commissioner Designee upheld the determination of

denial of Unemployment Compensation for Federal Employees.  In its decision, dated

October 4, 2011, the Board of Review did not advised Plaintiff of her constitutional rights.

42. On or about October 4, 2011, the Tennessee Department of Labor and Workforce

Development and the Board of Review made an arbitrarily decision of denial of

Unemployment Compensation for Federal Employees without substantial and material

facts.

43. On or about October 4, 2011, the Tennessee Department of Labor and Workforce

Development. Appeal Tribunal, the Board of Review, and Commissioner Designee charged

Plaintiff with insubordination which is not the reason for discharge listed on the SF-50

notice of removal.

44. On or about August 10, 2011, Plaintiff requested a written transcript of the hearing

to the Appeals Tribunal, Board of Review, Commissioner Designee and the Tennessee

Department of Labor and Workforce Development.

45. Plaintiff was denied a written transcript of the hearing by the Tennessee Department

of Labor and Workforce Development.

46. On or about August 31, 2011, Plaintiff requested a written transcript of the hearing

to the Tennessee Department of Labor and Workforce Development and it was denied.

47. On or about December 8, 2011, Plaintiff requested a written transcript of the

hearing to the Tennessee Department of Labor and Workforce Development and it was

denied.

14

48. Plaintiff was not provided a fair hearing and a neutral referee.

49. Referee, Tina Chiozza, has a history of deeming African Americans ineligible for

unemployment compensation insurance benefits that have filed claims against their

employers with the EEOC and the Inspector General.

### FIRST CAUSE OF ACTION

50. Defendants have deprived the Plaintiff of unemployment benefits without a fair hearing in

violation of the due process clause of the Fifth and Fourteenth Amendments to the United

States Constitution.

### SECOND CAUSE OF ACTION

51. Defendants have deprived the Plaintiff of unemployment compensation benefits without a

fair hearing in violation of her right to equal protection as guaranteed by the Fifth and

Fourteenth Amendments to the United States Constitution.

### THIRD CAUSE OF ACTION

52. Defendants have deprived the Plaintiff of unemployment compensation benefits without a

fair hearing in violation of 42 U.S.C. 1983.

### FOURTH CAUSE OF ACTION

53. Defendants have deprived the Plaintiffs of unemployment compensation benefits without a

fair hearing in violation of 42 U.S.C. 1985.

### FIFTH CAUSE OF ACTION

54. Defendants have deprived the Plaintiff of unemployment compensation benefits without

15

providing legal representation in violation of 42 U.S.C. 1983, 42 U.S. C. 1985, 5th

amendment, 13th amendment and the 14th amendment of the United States Constitution.

### SIXTH CAUSE OF ACTION

55. Defendants have deprived the Plaintiff of a written transcript of the denial

of unemployment compensation benefits.

### SEVENTH CAUSE OF ACTION

56. Defendants have deprived the Plaintiff of legal representation through free federally

funded legal resources available to Tennessee residents such as the Memphis Area Legal

Services, Inc. and all entities covered under the Legal Services Corporation Act which is a

violation of due process, equal protection under the law and equal rights.

### EIGHTH CAUSE OF ACTION

57. Defendants have deprived the Plaintiff of a pretermination hearing.

### NINTH CAUSE OF ACTION

58. Defendants have deprived Plaintiff of a protected property interest in unemployment

compensation insurance benefits under the UCFE.

### TENTH CAUSE OF ACTION

59. Defendants have deprived Plaintiff of property interest in answers to her legal and

procedural questions.

### ELEVENTH CAUSE OF ACTION

16

60. Defendants have deprived Plaintiff of her right to submit evidence to the Board of Review

Appeals Tribunal and the Commissioner's Designee.

TWELVETH CAUSE OF ACTION

61. Defendants have deprived Plaintiff of due process by not advising Plaintiff of her rights to

seek legal relief based on federal constitutional laws.

THIRTEENTH CAUSE OF ACTION

62. Defendants have deprived Plaintiff of due process by not answering the legal question of

the Plaintiff regarding the number of days a federal agency must respond to the Tennessee

Department of Labor and Workforce Development for separation information.

FOURTEENTH CAUSE OF ACTION

63. Defendants have deprived African American Plaintiffs of a fair and neutral hearing.

FIFTEENTH CAUSE OF ACTION

64. Defendants have deprived African American Plaintiffs of a fair hearing and  neutral

referees based on African Americans claims of discrimination and Whistleblower

complaints against their employers.

SIXTEENTH CAUSE OF ACTION

65. The Defendants have deprived Plaintiff and African Americans with free legal

representation or low cost representation in filing action for denial of unemployment

17

compensation benefits.

## SEVENTEENTH CAUSE OF ACTION

66. Congress did not intend for members of a protected class in the state of Tennessee seeking

legal representations in denial of unemployment compensation insurance benefits are

prohibited from legal representation.

## EIGHTEENTH CAUSE OF ACTION

67. Plaintiff was denied due process, equal protection under the law and equal rights when

denied to present evidence before the referee, Appeals Tribunal, Board of Review and a

three judge panel of the Commissioner's Designee.

## NINETEENTH CAUSE OF ACTION

68. Plaintiff was denied due process for legal representation in the state of Tennessee and the

lack of counsel, prejudiced the case of the Plaintiff before the Appeals Tribunal, Board of

Review and the Commissioner's Designee.

## TWENTIETH CAUSE OF ACTION

69. Plaintiff was denied legal representation in a civil matter and prohibited from receiving

legal representations through federally funded programs but defendants have legal

representation in a civil matter which is paid by federal funded taxes.

## TWENTY-FIRST CAUSE OF ACTION

70. Plaintiff was denied due process, equal protection under the law and equal rights for legal

representation in the state of Tennessee.

18

### TWENTY-SECOND CAUSE OF ACTION

71. Plaintiff was denied due process, equal protection under the law, and equal rights under 28 U.S.C. 1983, 28 U.S.C. 1985, 28 U.S.C. 2284, 28 U.S.C. 1331, 28 U.S.C. 1343 (a) (3), 42 U.S.C. 1983, 42 U.S.C. 1985(3), 42 U.S.C. 503, 5 U.S.C. 8501-8508, 28 U.S.C. 2285 and 2284, 28 U.S.C. 1331, 42 U.S.C. 1983 and 5 U.S.C. 8501, 5 U.S.C. 8506, 28 U.S.C. 1361, 28 U.S.C. 1391, 28 U.S.C. 1914, 42 U.S.C. 1983, 28 U.S.C. 1343, 28 U.S.C. 1331, 28 U.S.C. 1337, 28 U.S.C. 1346, 28 U.S.C. 1361, 5 U.S.C. 551, 28 U.S.C. 1391, 28 U.S.C. 2201, 28 U.S.C. 2202, U.S.C. 2282, T.C.A. 50-7-708, 28 U.S.C. 1367, and 28 U.S.C. 1331, to 42 U.S.C. 2000d, 2000d-1, 2000d-2, 2000d-7, 28 U.S.C. 1331, 28 U.S.C. 1983, 42 U.S.C. 1983 of the Federal Rules of Civil Procedures.

### TWENTY-THIRD CAUSE OF ACTION

72. Plaintiff was denied unemployment compensation insurance benefits based on a bias referee, bias Appeals Tribunal, bias Board of Review and a bias Commissioner's Designee.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction of this cause, convene a three-judge District Court pursuant to 28 U.S.C. 2285 and 2284 to determine this controversy and set this case promptly for a hearing.

2. Enter a declaratory judgment declaring Defendants' denial of Plaintiff's unemployment

compensation insurance benefits without a fair hearing to be in violation of Due Process and Equal Protection, of 42 U.S.C. 503, 1983 and 1985 and of 5 U.S.C. 8501-8506.

3.  Enter a preliminary and permanent injunction restraining Defendants from administering the UCFE Program so as to deny Plaintiffs and the members of a protected class a fair hearing, and restraining Defendants from denying unemployment insurance benefits due to and withheld from the Plaintiffs and the members of their class.

4.  Enter an Order in the nature of mandamus compelling the federal defendants to administer the UCFE program so as to grant Plaintiffs and the members of a protected class fair hearings.

5.  Enter an Order in the nature of mandamus compelling the defendants to provide free legal representation or low cost legal representation to Plaintiff and African Americans in the state of Tennessee that were denied free legal representation or low cost legal representation.

6.  Enter an Order in the nature of mandamus compelling the defendants to provide a written transcripts of all hearings for unemployment compensation insurance benefits.

7.  Enter an Order in the nature of mandamus compelling the defendants to only charge Plaintiff and federal employees based on the SF-50 notice.

8.  Enter an Order in the nature of mandamus that the decision of the Employment Security

20

Division of the Tennessee Department of Labor and Workforce Development is reversed

and the Plaintiff is determined to be eligible for the Unemployment Compensation for

Federal Employee Program.

9. Enter an Order in the nature of mandamus that the decision of the Employment Security

Division of the Tennessee Department of Labor and Workforce Development is reversed

and the Plaintiff is determined eligible for the unemployment insurance benefits for

which she has applied.

10. Plaintiff seeks punitive damages, compensatory damages and emotional damages.

11. Plaintiff seeks an order entered in the writ of mandamus relief that the Tennessee

Department of Labor and Workforce Development repays the overcharge payment to

Plaintiff.

12. Plaintiff seeks an order entered in a writ of mandamus relief for the repayment of the fee

paid for representation before the Tennessee Department of Labor and Workforce

Development; this is a Class C misdemeanor based on T.C.A. 50-7-708.

13. Plaintiff seeks a judicial review of an administrative decision of a governmental agency

which is the Tennessee Department of Labor and Workforce Development in which the

review is conducted on the basis of the administrative record.

14. Plaintiff has certain inalienable rights and unalienable rights.

15. Grant such other and further relief as this Court may find just, equitable and proper.

Respectfully submitted,

*Shel Jgr*

Sheryl Taylor
In Propria Persona
PO Box 897
Memphis TN  38101
(901) 528-3737

<u>PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN</u>