RECEIVED

IN THE UNITED STATES DISTRICT COURT 2012 SEP -6 PM 1:07
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| SHERYL TAYLOR, | ) | CIVIL ACTION NO. 2: 1-cv-3087-STA-dkv |
| Plaintiff | ) | |
| KARLA DAVIS, ET AL., | ) | |
| Defendants | ) | |

**PLAINTIFF'S NOTICE TO THE UNITED STATES DISTRICT COURT ON THE RESPONSE OF DEFENDANTS SOLIS AND GEITHNER FOR DEFENDANTS GEITHNER AND SOLIS TO APPOINT OR ASSIGN COUNSEL TO THE UNEMPLOYED PLAINTIFF SEEKING RELIEF UNDER THE UNEMPLOYMENT COMPENSATION FOR FEDERAL EMPLOYEES (UCFE) UNEMPLOYMENT INSURANCE (UI) PROGRAM**

COMES NOW the Plaintiff respectfully files this Notice to this Honorable Court on the

response of defendants Geithner and Solis on the motion to appoint or assign counsel to Plaintiff.

Defendants Geithner and Solis oppose the motion for defendants Solis and Geithner to appoint

or assign counsel to Plaintiff. In essence, defendants Geither and Solis have opposed the motion

on the belief that federal funds are only the privileges of defendants Geithner and Solis absence

any federal law. There are four (4) lawyers in this civil action representing the defendants which

are:

1. Jessica Bachman, federal employee and IRS Legal Counsel in Atlanta, GA.

2. Harriett Halmon, federal employee, Assistant U.S. Attorney and legal counsel for Hilda Solis, federal employee and Secretary for the United States Department of Labor and Timothy Geithner, federal employee and Secretary for the United States Department of the Treasury.

3. Warren A. Jasper, state employee and legal counsel for Karla Davis, state employee and Commissioner for the Tennessee Department of Labor and Workforce Development.

4. Harry L. Sheinfeld, federal employee and legal counsel in Washington, DC for the United States Department of Labor.

2

By letter dated August 28, 2012, attorney Harriett Halmon advised the Plaintiff that "the names of the lawyers who may assist or consult with me are not relevant to any issues in this lawsuit. This is certainly not relevant on the issues raised in the federal defendants' motion to dismiss". See Exhibit 1 letter dated August 28, 2012 from attorney Halmon.

The Plaintiff received the letter on September 5, 2012. Plaintiff objects to the statements of attorney Halmon. It is very relevant that defendants Solis and Geithner have co-counsel and federal funds are being used to provide additional legal resources to the defendants. Attorney Jessica Bachman and attorney Harry Sheinfeld have not entered an appearance but are serving as co-counsel for defendants Geithner and Solis. However, Plaintiff is without legal counsel and there is a prejudice toward the Plaintiff for a lack of counsel. Plaintiff has petitioned defendants Geithner and Solis to release federal funds by assigning or appointing counsel to the Plaintiff.

The letter dated August 31, 2012 Exh. 2; attorney Halmon advised the Plaintiff "it would certainly be a conflict of interest if the Department of Labor or the Treasury provided counsel for you". "Any lawyer who works for the federal government has as his or her first duty to represent the United States." "It is not the responsibility of the defendants to aid in the prosecution of a case against them. It would be absurd for any party to a lawsuit to provide assistance to an opposing party". Plaintiff received the letter on September 5, 2012.

It is absurd that a federal agency, the United States Department of Labor and the United States Department of the Treasury have made a decision not based on law, that federal funds can only be used for federal defendants in a civil action. It is absurd that defendants Geithner and Solis have adopted a policy of "privilege" that only federal funds can be used to pay their legal expenses. There is not a federal law that mandates or authorizes the United States Attorney's Office to only use federal funds to protect the interest of defendants Solis and Geithner. Defendants Solis and Geithner are public servants and federal employees. They serve at the will of the people. Based on the Fourteenth (14th) Amendment of the Constitution of the United

3

States, the Plaintiff does not have equal protection under the law as defendants Solis and

Geithner. The Plaintiff does not have legal counsel to protect the interest of the Plaintiff.

Defendants Solis and Geithner have an entitlement to counsel and their legal expenses are paid

with federal funds. Defendants Geithner and Solis have a right to counsel and their legal

expenses are paid with federal funds.  There is a federal question before the Court regarding

right and entitlement to access federal funds for unemployed federal workers to secure legal

counsel for representation in civil actions involving UCFE.  In the landmark decision in Fogg v

Reno, 94 cv 2814, Fogg was a former federal employee and he listed several federal defendants

in his civil action before a federal court.  The Department of Justice was listed as one of the

defendants in his civil action. Fogg was appointed counsel and he successfully prevailed in his

civil action. However, individuals of African descent in the state of Tennessee are restricted and

prohibited from obtaining and securing legal counsel with federal funds.  Plaintiff is similarly

situated as Fogg.  Plaintiff has a right to counsel and a right to federal funds. Plaintiff has an

entitlement to counsel and an entitlement to federal funds. In this civil action, the United States

Attorney's Office has opposed Eric Holder, the Attorney General for the United States to

intervene in this civil action. The United States Attorney's Office for the Western District of

Tennessee has a fear that Eric Holder will see the injustices those of African descent are facing

in civil actions against federal agencies. Plaintiff received a letter dated August 31, 2012 from

attorney Harriett Halmon which is threatening and hostile in nature. The Plaintiff received the

threatening letter on September 5, 2012.  Attorney Halmon has threatened to file sanctions

against the Plaintiff. The Plaintiff will seek a Bivens Action against the United States Attorney's

4

Office for unethical misconduct and for withholding federal funds from the Plaintiff. See

Exhibit 2 letter dated August 31, 2012 and signed by attorney Harriett Halmon. The conduct of

attorney Halmon is abusive and the Plaintiff will contact the Board of Professional

Responsibility. Pro se litigants in the state of Tennessee are aware the United States

Attorney's Office for the Western District of Tennessee has threatened lawyers to withdraw from

representing individuals of African descent in civil actions against federal agencies.

Plaintiff is without legal counsel and there is a prejudice toward the Plaintiff for a lack of

counsel. The Thirteenth (13th) Amendment of the Constitution of the United States was to

remove the burden of slavery from slaves and their descendants. The First (1st) Amendment of

the Constitution of the United States states: Congress shall make no law respecting an

establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of

speech, or of the press, or the right of the people peaceably to assemble, and to petition the

Government for a redress of grievances. The Fifth (5th) Amendment of the Constitution of the

United States: No person shall be deprived of life, liberty, or property, without due process of

law; nor shall private property be taken for public use, without just compensation. The

Fourteenth (14th) Amendment of the Constitution of the United States states: No State shall make

or enforce any law which shall abridge the privileges or immunities of citizens of the United

States; nor shall any State deprive any person of life, liberty, or property, without due process of

law; nor deny to any person within its jurisdiction the equal protection of the laws. Attorney

Harriett Halmon has not cited any law that warrants only white citizen Timothy Geithner and

Hilda Solis, white citizen, are the only parties that can legally access federal funds. Plaintiff

5

is of African descent and Plaintiff is being treated as "chattel property" by defendants Solis and

Geithner.  Last the United States Attorney's Office for the Western Distric: of Tennessee has

failed in its mission of the United States Department of Justice which is: To enforce the law and
defend the interests of the United States according to the law; to ensure public safety against
threats foreign and domestic; to provide federal leadership in preventing ar.d controlling crime;
to seek just punishment for those guilty of unlawful behavior; and to ensur: fair and impartial
administration of justice for all Americans.

   Defendants Solis and Geithner have failed to release federal funds for Plaintiff to secure and

obtain legal counsel. There is not a federal law that only authorizes federal funds to federal

public servants in civil actions. The United States Department of Justice di 1 not ensure fair and

impartial administration justice for all Americans. In addition, Plaintiff provides the evidence of

the record of the of the United States Attorney's Office for the Western Di:itrict of Tennessee

and it failed in its duty to prosecute the discriminatory practices of the Juvenile judges at the

Shelby County Juvenile Court.  The Department of Justice gave a report after a three year

investigation which found 65,000 African American youth received tougher punishments than

white juveniles. (See Exh. 6.)  However, Edward Stanton, appointed by President Barack Obama

only comment was: "I am encouraged that the leadership and staff of the S1elby County Juvenile

Court and Juvenile Detention Center have demonstrated that they intend to take immediate

action."  The United States Attorney's Office for the Western District of Tennessee failed to

prosecute the Shelby County Juvenile Court on behalf of the African American youth even with

the evidence that 65,000 African American youth suffered at the hands of Juvenile Court judges.

WHEREFORE, the Court should grant the motion of the Plaintiff.

6

Respectfully submitted,

Sheryl Taylor
PO Box 897
Memphis TN  38101

## CERTIFICATE OF SERVICE

I, certify that, on the 6th day of September, 2012, a true and correct copy of the above and foregoing Plaintiff's Notice on the Response of defendants Solis and Geithner to appoint counsel was sent by certificate of mailing to the following parties:

Warren A. Jasper                          U.S. Attorney's Office
General Civil Division                    Harriett Halmon
425 5th Avenue North                      167 N. Main Ste. 800
Nashville TN  37243                       Memphis, TN  38103

Sheryl Taylor